IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHARLES RADFORD, | : |
| Plaintiff | : |
| VS. | : |
| | : NO. 3:06-cv-27 (CAR) |
| Sheriff HUGH ROACH; | : |
| Captain GARY SMITH; | : |
| Lt. CATHY WOODS, | : |
| | : **ORDER** |
| Defendants | : |

Plaintiff **CHARLES RADFORD**, an inmate at Men's State Prison in Hardwick, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $250.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.

Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that on June 6, 2003 he slipped and fell at the Franklin County Jail. Plaintiff

alleges that he hurt his back and coccyx. According to plaintiff, the officer who was accompanying him at the time did not make a report of the fall. The following morning, plaintiff requested to see a doctor due to the intense pain. Lt. Woods and Capt. Smith refused to get him medical assistance.

On October 30, 2003, plaintiff alleges he fell again due to water on the floor. Plaintiff states he hurt his shoulder, back, and coccyx. Lt. Woods again refused to get him medical assistance.

Plaintiff's claims must be dismissed as untimely. 42 U.S.C. § 1983 has no statute of limitations of its own. Instead all § 1983 claims are governed by the state limitations statute governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury actions is two years. Ga. Code Ann. § 9-3-33.

"Federal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably regard for his rights'." *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003)(quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)). The facts that would support plaintiff's cause of action in this case should have been apparent to him in June and October 2003. Therefore, plaintiff had two years from these dates to file his suit. However, plaintiff did not file the instant action until March 2006, which is well after the two year statute of limitations has run.

For this reason, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 11th day of April, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb